Filed 5/13/14  In re Alejandro O. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re ALEJANDRO O., a Person Coming Under the Juvenile Court Law. | B251542 |
| | (Los Angeles County Super. Ct. No. JJ20081) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEJANDRO O.,<br><br>    Defendant and Appellant. | |

APPEAL from a dispositional order of the Superior Court of Los Angeles County, S. Fumiko Wasserman, Judge.  Affirmed.

Stephen Borgo, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Alejandro O. (minor) appeals from an order of the juvenile court detaining him in juvenile hall pending a suitable placement. He contends the court abused its discretion in failing to consider the remedial steps he had voluntarily undertaken, and declining to place him at home on probation. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On March 22, 2013, the prosecutor filed a two-count wardship petition under Welfare and Institutions Code section 602,[1] alleging that the minor committed battery on a school employee (Pen. Code, § 243.6) and public intoxication (Pen. Code, § 647, subd. (f)). The court referred the matter to the probation department for a section 654.2 pre-plea report.

According to the probation officer's report, on January 24, 2013, the minor was brought to the nurse's office at his high school by school security because he appeared extremely intoxicated. After security left and the nurse was left alone with the minor, the nurse attempted to reach the minor's mother by telephone, but had to leave a message. The minor then requested permission to go to the bathroom to throw up. At the same time, the minor's mother called the nurse. The nurse answered the phone, turning her back briefly to the minor, whereupon the minor began hitting her in the back of her head with his fist. When she turned around, he struck her in the face, forehead, and upper body. Eventually, the nurse was able to get help. Police subsequently arrested the minor and took him to the hospital. After waiving his rights, he told the officers he drank a water bottle-sized container filled with tequila and rum that morning, after his mother dropped him off, but before school started.

---

[1] Unless otherwise stated, all further statutory references are to the Welfare and Institutions Code.

The report also noted that the minor had a discipline record dating back four years to when he was 11 years old. There were numerous acts of violence against other students (punching them in their genitals), defiance, disruption, and marijuana issues that required multiple interventions by school personnel. According to the report, the minor's mother stated that he was depressed and had experienced anger issues and behavioral problems since junior high school. The report noted that the minor's behavior had improved since the incident.

As a result of the attack, the victim suffered from debilitating headaches, blurry vision, post traumatic stress disorder, anxiety and memory loss. She could not return to work and was on disability. The report noted that the minor expressed no remorse, and that the mother expressed no emotion when she was told how seriously the victim was injured by her son.

The probation report recommended that the minor be declared a ward of the court and placed in a camp community placement for the following reasons: "It is felt that the minor poses a threat to the community. He severely injured the victim without provocation. He is using marijuana and alcohol without consequences in the family home. The minor needs to be in a secure setting where he will be held accountable for his actions and receive consequences."

At the adjudication hearing, the minor's counsel submitted on count 2 (public intoxication), but argued that the minor was so intoxicated, he did not remember attacking the nurse. The nurse described the attack and testified that she was still suffering from headaches and had not returned to work.

The minor admitted that on the morning of the incident he drank alcohol obtained from home, but claimed it was the first time he had done so. He stated that he decided to drink because he was depressed after breaking up with his girlfriend. He remembered walking to the nurse's office, but could not recall anything until he woke up in the hospital. He stated he was not a violent person,

3

was not in his "right mind" at the time, and did not intend to hurt the nurse. He felt very bad about the incident, and was disappointed in himself.

The court found the allegations true and sustained the petition. At the dispositional hearing, the minor's counsel argued that the minor had taken proactive steps since the incident. He had completed a substance abuse program, submitted to 12 random drug tests and received 12 negative results. Additionally, he had entered an anger management counseling program. His mother testified that he had improved his behavior and school grades. He had agreed to all suggested counseling, and "[i]f more counseling is necessary, then we are willing to do more counseling."

The prosecutor argued that at a minimum, the court should order the minor to placement. She noted that the minor had a long history of behavioral problems, and expressed her concern that the minor's recent good behavior was a short-term reaction to his fear of being placed in camp.

The juvenile court declared the minor a ward of the court under section 602. It rejected the probation report's recommendation of a camp placement, but further determined that "[c]ontinuance in the home of the parent is contrary to the minor's welfare." The court temporarily placed the minor with the probation department until suitable placement could be found.

The minor timely appealed.

## DISCUSSION

"A juvenile court's commitment order may be reversed on appeal only upon a showing the court abused its discretion. [Citation.] '"We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them."' [Citation.]" (*In re Robert H*. (2002) 96 Cal.App.4th 1317, 1329-1330.) Appellant contends the court abused its discretion in deciding against returning appellant

4

home on probation and instead ordering suitable placement. Specifically, he argues the court failed to give "enough consideration" to the steps appellant had taken to rehabilitate himself. As explained below, we disagree.

Pursuant to section 202, in determining the proper care, treatment and guidance for a minor under its jurisdiction, a juvenile court "shall consider the safety and protection of the public, the importance of redressing injuries to victims, and the best interests of the minor." (§ 202, subd. (d).) The disposition must be "consistent with [the minor's] best interest," "hold[] [him] accountable for [his] behavior," and be "appropriate for [his] circumstances." (§ 202, subd. (b).) The court acted in conformity with those principles in the instant case. Here, the minor attacked a school nurse without provocation while she was attempting to assist him. The attack targeted the victim's head, leaving her with debilitating headaches, blurry vision, memory loss, post-traumatic stress and anxiety. Two months after the attack, the victim had not fully recovered and was still on disability. The gravity of the offense alone would have justified the court's order of camp placement for the safety and protection of the public.

The court properly considered appellant's circumstances. He had obtained the alcohol from his mother's home. He had a history of committing acts of violence against his fellow students. The escalation of appellant's violent behavior -- from punching fellow students to beating a school nurse about the head and face -- indicated that the minor needed treatment not being provided at home. Appellant contends his recent improved behavior showed that he had changed. The court, however, was entitled to evaluate the credibility of the minor and to determine the weight to be given his recent behavior. (See *In re Robert H.*, *supra*, 96 Cal.App.4th at p. 1329 [juvenile court entitled to evaluate credibility of minor and weight to be afforded psychological evaluation].) In light of appellant's behavior over the past several years, the court acted within its discretion in

determining that any improvement in appellant's behavior since the attack on the nurse was insufficient to support his remaining home on probation. On this record, the court properly exercised its discretion by concluding the minor should be committed to suitable placement.

We find no merit to the suggestion that the court's silence on appellant's post-incident behavior indicated it had failed to consider such behavior or accord it any weight. In this regard, *In re Ricky H*. (1981) 30 Cal.3d 176 is instructive. There, the appellant minor argued that the trial court abused its discretion in committing him to the California Youth Authority without giving adequate consideration to less restrictive alternatives, such as placement in the local county youth center. (*Id*. at p. 179.) The minor contended the lack of inquiry or comment by the judge at the dispositional hearing established that the court had failed to consider less restrictive alternatives. (*Id*. at p. 183.) The Supreme Court rejected the contention:

> "This court cannot assume that the superior court judge, who presided over the dispositional hearing and heard appellant's counsel's arguments, gave them no consideration or completely failed to evaluate appellant's suitability for the Youth Authority. Moreover, the silence of the judge regarding his reasons for making a Youth Authority commitment has never been held to violate statutory or constitutional requirements. [Citation.] . . . [T]he absence of inquiry does not establish that the superior court failed to consider other placements." (*In re Ricky H*., *supra*, 30 Cal.3d at pp. 183-184.)

Here, the court heard testimony from appellant and his mother about his behavior following the incident. It heard argument from appellant's counsel that his recent behavior supported returning him home on probation. The court read the probation report, which recommended camp placement despite the recent improved behavior. It also heard from the prosecutor, who argued -- at a minimum -- for placement outside the home. After considering all the evidence and

6

arguments, the court rejected both camp placement and returning appellant home, and ordered suitable placement.  We note that the court apparently accorded appellant's behavior some weight as the court rejected the recommendation for camp placement.  On this record, we find the court considered appellant's recent behavior in determining the appropriate disposition and did not abuse its discretion in ordering suitable placement.

## DISPOSITION

The dispositional order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**



MANELLA, J.


We concur:




EPSTEIN, P. J.




WILLHITE, J.

7